IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

TANUA WALLACE,
*as Administrator of the Estate of*
Frankie Junior Jennings,

Plaintiff,

v.   CIVIL ACTION NO. 3:24-cv-00338-TEJ

UNITED STATES OF AMERICA, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant United States of America's (the "Government") Motion to Dismiss. (ECF No. 13.) For the reasons discussed herein, the motion is **GRANTED**.

### I.   BACKGROUND

On March 23, 2021, Frankie Junior Jennings ("Jennings") was fatally shot by Eric Tillman ("Tillman") of the United States Marshals Service ("USMS"). (ECF No. 1 at 4, ¶ 20.) Plaintiff Tanua Wallace ("Plaintiff"), as the Administrator of Jennings's estate, brought this suit, naming Ronald L. Davis ("Davis"), in his official capacity as the Director of the USMS, and Tillman, in his official capacity as a marshal for the USMS, as defendants, (ECF No. 1 at 2), but the remainder of the Complaint indicates that Davis and Tillman are also being sued in their individual capacities, (*see id.* at 14, 16, 19). The Complaint asserts a variety of claims, including state torts, violations of 42 U.S.C. § 1983, a violation of the North Carolina constitution, and a survivorship claim under North Carolina law. (*See id.* 9–21, ¶¶ 71–165.) With respect to the tort and state law claims, the

1

Government filed a notice of substitution for Davis and Tillman, as it is the only proper defendant for these claims under the Federal Tort Claims Act. (*See* ECF No. 15.)

On July 11, 2024, the Government filed a motion to dismiss all claims on behalf of all defendants, arguing, *inter alia*, that the complaint must be dismissed for insufficient service of process. (ECF No. 13.) Plaintiff timely filed a response, (ECF No. 20), to which the Government timely replied, (ECF No. 22). Accordingly, this matter is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Claims against a defendant can be dismissed when there is insufficient service of process. Fed. R. Civ. P. 12(b)(5). A plaintiff may defend a motion to dismiss for insufficient service of process by establishing proper service and bears the burden of establishing that service of process has been perfected in accordance with Federal Rule 4 of Civil Procedure. *Scott v. Maryland State Dep't of Labor*, 673 Fed. App'x 299, 303 (4th Cir. 2016); *see also Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010). Rule 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Thus, a court may properly dismiss a complaint for the plaintiff's failure to comply with Rule 4. *See Brown v. Blue Cross & Blue Shield of N.C.*, 226 F.R.D. 526 (M.D.N.C. 2004).

Under Rule 4, a plaintiff has 90 days after the complaint is filed to serve each defendant. Fed. R. Civ. P. 4(m). Relevantly, there are specific rules on how to serve the United States and its agencies, corporations, officers, or employees in their individual or official capacities. Fed. R. Civ. P. 4(i).

Serving the United States has three requirements. First, the plaintiff must "deliver a copy of the summons and complaint to the United States Attorney's office for the district where the action is brought" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A). Second, the plaintiff must "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B). Further, if an action challenges an order of a nonparty agency or officer of the United States, the plaintiff must also "send a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(C).

To serve an officer or employee in their individual capacity, the plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Conversely, to serve an "officer or employee in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf," the plaintiff "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). Thus, when suing an officer or employee, either in an individual or official capacity, a plaintiff must still "serve the United States," in accordance with Federal Rule of Civil Procedure 4(i)(1). *See* Fed. R. Civ. P. 4(i)(2), (3).

### III. DISCUSSION

The Government argues that Plaintiff failed to effectively serve any of the defendants because she did not properly serve the United States. (ECF No. 14 at 48.) The Court agrees.[1]

---

[1] The Government offers numerous reasons why this case should be dismissed, including public official immunity, failure to exhaust administrative remedies, and insufficient service of process. (*See generally* ECF No. 14.) However, because the motion can be resolved solely on the basis of Plaintiff's failure to effectively serve the defendants, the Court need not address the Government's remaining arguments.

3

Case 3:24-cv-00338-TEJ   Document 36   Filed 07/24/25   Page 3 of 5

Plaintiff filed this action on March 24, 2024. (ECF No. 1.) Plaintiff served Tillman on April 2, 2024, (ECF No. 3), and Davis on April 3, (ECF No. 5). Plaintiff also served the Attorney General on April 2, 2024, (ECF No. 4), but none of the affidavits of service of process indicate that the United States Attorney's Office for the Western District of North Carolina was served, (*see generally* ECF No. 3–5; *see also* ECF No. 6).

The Court notes, however, that actual service of process is distinct from proof of that service. Specifically, the "[f]ailure to prove service does not affect the validity of service, and "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3). Thus, while Plaintiff had not proven service at the time of the motions hearing on November 14, 2024, she was not foreclosed from proving that she had served the United States Attorney's Office for the Western District of North Carolina in accordance with Federal Rule of Civil Procedure 4.

Nevertheless, the United States Attorney's Office for the Western District of North Carolina was not served until November 19, 2024. (ECF No. 31.) Critically, this service came nearly eight months after filing of the complaint, which is well beyond the 90 days allowed by Rule 4(m). Consequently, because the Plaintiff failed to serve the United States Attorney's Office for the Western District of North Carolina within the appropriate time, she did not perfect service on any of the Defendants.

Accordingly, the Government's motion to dismiss for failure to serve is **GRANTED.**

## IV.  CONCLUSION

For the reasons stated herein, the Government's Motion to Dismiss, (ECF No. 13), is **GRANTED,** and this matter is **DISMISSED WITHOUT PREJUDICE.**[2]  The Clerk is **DIRECTED** to remove this matter from the active docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 24, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2] Therefore, any other pending motion are **DENIED AS MOOT**.